IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| ANNETTE MITCHELL,<br><br>　　　Plaintiff,<br>vs.<br><br>METROPOLITAN LIFE INSURANCE<br>CO. and JOHN STRANGE,<br>individually and as an employee of<br>Metropolitan Life Insurance Co.,<br><br>　　　Defendants. | No. CIV 99-200 PK/WWD |
|---|---|

MEMORANDUM OPINION AND ORDER

THIS MATTER comes on for consideration of Defendants' Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6) filed April 5, 1999 (doc. 4) and Plaintiff's Motion & Notice of Motion to Remand filed April 21, 1999 (doc. 11). The court, being fully advised in the premises, finds that Defendants' motion to dismiss Defendant John Strange (Strange) as a party-defendant should be denied, the motion to remand should be granted because this court lacks subject matter jurisdiction, and any remaining grounds in the motion to dismiss are properly resolved by the state district court.

Background

Plaintiff sued her former employer defendant Metropolitan Life Insurance

Co. (MetLife) and the general manager of MetLife's Albuquerque branch office, Defendant John Strange (Strange). Plaintiff alleged that Defendant Strange was a New Mexico resident. She pursued state-law claims based upon the New Mexico Human Rights Act, N.M. Stat. Ann. § 28-1-1 to 28-1-15 (Michie 1996 Repl. Pamp.), and state common law.

Generally, Plaintiff alleges that in June 1997, Defendant Strange attempted to kiss her at a company social function, she reported it, he retaliated against her, and she was ultimately terminated. The complaint contains three claims: (1) sexual harassment and hostile working environment, (2) retaliatory discharge, and (3) prima facie tort. Notwithstanding complete diversity, Defendants removed the action to federal court. See 28 U.S.C. §§ 1332, 1441(b); Wisconsin Dep't of Corrections v. Schacht, 118 S. Ct. 2047, 2052 (1998) (discussing complete diversity); Caterpillar, Inc. v. Lewis, 519 U.S. 61, 67-69 (1996) (same). They contend that Defendant Strange was fraudulently joined and must be disregarded. See Wilson v. Republic Iron & Steel Co., 257 U.S. 92, 97 (1921); Smoot v. Chicago, Rock Island & Pac. R.R. Co., 378 F.2d 879, 881-82 (10th Cir. 1967); Dodd v. Fawcett Publications, Inc., 329 F.2d 82, 85 (10th Cir. 1964). To that end, they seek his dismissal as a party-defendant.

## Discussion

A removing party has the burden of demonstrating federal jurisdiction, and

when proceeding on a fraudulent joinder theory, that party must establish either (1) no possibility exists of establishing a claim against the resident defendant, or (2) the resident defendant has been haled into state court based upon fraudulently pled jurisdictional facts. See Triggs v. John Crump Toyota, Inc., 154 F.3d 1284, 1287 n.4 (11th Cir. 1998) (on motion to remand, removing party must demonstrate federal jurisdiction); Pacheco de Perez v. AT&T Co., 139 F.3d 1368, 1381 (11th Cir. 1998) (discussing elements and proof of fraudulent joinder); Pampillonia v. RJR Nabisco, Inc., 138 F.3d 459, 461 (2d Cir. 1998) (same); Gottlieb v. Westin Hotel Co., 990 F.2d 323, 327 (7th Cir. 1993) (same). Defendants are proceeding on the first alternative; thus, they have the heavy burden of establishing that Defendant Strange cannot be liable under any of the state law claims. See Smoot, 378 F.2d at 882.

Defendants contend that Plaintiff cannot state a claim against Defendant Strange because she has not and cannot allege that she has exhausted her administrative remedies against him under the New Mexico Human Rights Act. See Luboyeski v. Hill, 872 P.2d 353, 355 (N.M. 1994). Plaintiff responds that any claims under the Human Rights Act run only against Defendant MetLife; she is relying upon common law theories against Defendant Strange, including sexual harassment encompassing assault and battery, retaliatory discharge and prima facie tort. See Plaintiff's Reply in Support of Motion to Remand filed Apr. 21, 1999 at 1-7 (doc. 14). She contends that she is relying upon the public policy

contained in the Human Rights Act in support of her common law theories against Defendant Strange.

Under New Mexico law, the remedies contained in the Human Rights Act are not exclusive and exhaustion of the administrative remedies under the Act is not a prerequisite to filing a tort action. See Gandy v. Wal-Mart Stores, Inc., 872 P.2d 859, 860-63 (N.M. 1994). In Gandy, the court held that the tort of retaliatory discharge can be based upon the violation of the public policy mandate contained in the Human Rights Act, see N.M. Stat. Ann. § 28-1-7, without a Human Rights Act claim. See Gandy, 872 P.2d at 863. Likewise, a prima facie tort action also might be available. See Beavers v. Johnson Controls World Servs., Inc., 901 P.2d 761, 765-66 (N.M. Ct. App. 1995) (where claim was outside Workers' Compensation Act, exclusivity provision did not bar it).

Defendants also contend that individual supervisors cannot be held liable for harassment and retaliation, including the tort of retaliatory discharge. The New Mexico Supreme Court has left open whether a retaliatory discharge claim lies against a supervisor or agent when the discharge occurred for his or her own interest and outside the scope of employment. See Bourgeous v. Horizon Healthcare Corp., 872 P.2d 852, 855 (N.M. 1994). In view of the allegations contained in the complaint, the Defendant has not demonstrated that Plaintiff cannot recover on this theory.

Relying upon Title VII cases, Defendants also suggest that even as a public

policy base for tort claims, the Human Rights Act does not encompass claims against individual managers and supervisors. This argument contradicts N.M. Stat. Ann. § 28-1-7(I) which extends liability to "any person or employer" who participates in an unlawful employment practice or retaliates against someone who opposes such a practice. Under N.M. Stat. Ann. § 28-1-2 (A), a "person" is defined as including "one or more individuals."

Defendants also contend that the prima facie tort claim will not lie against either Defendant because courts have not applied it in the employment context and it is duplicative of other theories asserted. See Stock v. Grantham, 964 P.2d 125, 136 (N.M. Ct. App. 1998) (affirming dismissal of prima facie tort claim that overlapped other alleged intentional torts as duplicative or an attempt to evade elements of those torts). While it is true that allegations of gender discrimination and retaliation cannot furnish a basis for the "lawful act" requirement of prima facie tort, it is an overstatement to say that the doctrine cannot apply in the employment context. See Silverman v. Progressive Broadcasting, Inc., 964 P.2d 61, 71-72 (N.M. Ct. App. 1998) (reversing grant of summary judgment on prima facie tort claim in employment context); Beavers, 901 P.2d at 763-65. Because the court has determined that other state claims lie against Defendant Strange, however, it is unnecessary to decide this issue.

NOW, THEREFORE, IT IS ORDERED, ADJUDGED, AND DECREED that Defendants' Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6) filed

April 5, 1999 (doc. 4) is denied insofar as dismissing Defendant Strange as a party-defendant.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Plaintiff's Motion & Notice of Motion to Remand filed April 21, 1999 (doc. 11) is granted and this action is remanded to the Second Judicial District Court of the State of New Mexico pursuant to 28 U.S.C. § 1447(c) for lack of subject matter jurisdiction.

DATED this 29th day of April 1999, at Santa Fe, New Mexico.

*Paul Kelly Jr.*
United States Circuit Judge
Sitting by Designation

Counsel:

Michael D. Armstrong, Albuquerque, New Mexico, for Plaintiff.

Geoffrey D. Rieder and Wayne R. Suggett, Silva, Rieder & Maestas, P.C., Albuquerque, New Mexico, and Eric H. Joss and Michael J. McEnroe, Paul, Hastings, Janofsky & Walker LLP, Los Angeles, California, for Defendants.